**SINNETT LAW, APC.**
Wayne A. Sinnett (SBN: 302987)
ws@sinlegal.com
Crystal T. Innabi (SBN: 316434)
ci@sinlegal.com
444 West C Street, Suite 230
San Diego, CA 92101
Tel: (619) 752-0703
Fax: (619) 330-2120

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALMA TORRES,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**TRANSWORLD SYSTEMS, INC.,**<br><br>Defendant. | **Case No.: 5:18-cv-00511**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>1. **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;**<br><br>2. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature enacted the Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788 et seq., to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and prohibit debt collectors from engaging in unfair or deceptive acts and practices.

3. Plaintiff, ALMA TORRES, ("Plaintiff") brings this lawsuit to challenge the actions of Defendant, TRANSWORLD SYSTEMS, INC., ("TRANSWORLD" or "Defendant") with regard to Defendant's unlawful debt collection practices.

4. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid such violations.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

8. Unless otherwise stated, all the conduct engaged in by Defendant occurred in the State of California.

9. At all times relevant, Plaintiff was an individual residing within the State of California.

## JURISDICTION AND VENUE

10. This action arises out of Defendant's violations of: (i) The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq.*; and (ii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*.

11. Therefore, jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 for supplemental state law claims.

12. The Court has personal jurisdiction over Defendant as they conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this district.

13. Venue is proper in the United States District Court, Central District of California as: (i) Plaintiff resides in the County of Riverside, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

## PARTIES

14. Plaintiff, ALMA TORRES, ("Plaintiff") is a natural person who resides in the City of Moreno Valley, County of Riverside, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or

alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h). In addition, Plaintiff is a "consumer" and a "person" as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendant TRANSWORLD SYSTEMS, INC., ("TRANSWORLD") is a California Corporation.

16. TRANSWORLD in the ordinary course of business, uses U.S. Mail and/or the instrumentalities of interstate commerce to carry out their principle business purpose which is the collection of debts.

17. TRANSWORLD, in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

18. TRANSWORLD directly and indirectly participated in the unlawful debt collection practices to collect an alleged debt from Plaintiff that are described in this complaint.

19. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as the term is defined by 15 U.S.C. § 1692a(5).

## GENERAL FACTUAL ALLEGATIONS

20. Sometime before February of 2018, Plaintiff is alleged to have incurred and defaulted a credit card debt in the amount of $3,418.41, (the "Debt").

21. Sometime thereafter, the Debt was placed with TRANSWORLD for the purposes of debt collection.

22. On or about February 3, 2018, Plaintiff received a letter indicating that the Debt would be paid-in-full through a treasury offset program.

23. On February 16, 2018, Plaintiff received a letter from her employer informing

her that TRANSWORLD scheduled a garnishment of her wages for the Debt.

24. Plaintiff immediately contacted TRANSWORLD and disputed the wage garnishment on the basis that the Debt would be paid-in-full by a treasury off-set prior to the scheduled wage garnishment.

25. On or before February 22, 2018, the Debt was paid-in-full, by way of a treasury offset of Plaintiff's tax-returns.

26. As of February 22, 2018, there was no debt "due and owing" as the Debt had been paid in its entirety.

27. Nonetheless, TRANSWORLD continued to garnish Plaintiff's wages even though Plaintiff's payment obligation was satisfied. Specifically, on March 8, 2018, TRANSWORLD garnished $68.73 from Plaintiff's wages to collect on a Debt already paid-in-full.

28. TRANSWORLD knew they were unlawfully garnishing Plaintiff's wages as: (1) Plaintiff informed TRANSWORLD the Debt would be paid-in-full prior to the scheduled wage garnishment; and (2) the Debt *was* paid-in-full prior to the wage garnishment.

29. Through this conduct, TRANSWORLD violated: (i) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt; (iii) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; (iv) 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress or abuse a person in connection with the collection of a debt; (v) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt; and (vi) 15 U.S.C. § 1692f(1) by attempting to collect an amount not expressly authorized by the agreement creating the debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal.

Civ. Code § 1788.17.

## FIRST CAUSE OF ACTION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") 15 U.S.C. § 1692 ET SEQ.
### [AGAINST TRANSWORLD]

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq*.

32. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of up to $1,000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("RFDCPA") CAL. CIV. CODE § 1788, ET SEQ.
### [AGAINST TRANSWORLD]

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

35. Cal. Civ. Code § 1788.17 incorporates the FDCPA (15 U.S.C. § 1692b through 1692j). Therefore, each of stated violations of the FDCPA also constitutes a violation of the RFDCPA (Cal. Civ. Code § 1788.17).

36. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages

for knowing or willful violations in the amount of up to $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, according to such causes of action stated against each Defendant, as follows:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00, from each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- That the Court preliminarily and permanently enjoin Defendant from engaging in the unlawful debt collection and credit reporting practices stated herein; and
- Any and all other relief that this Court deems just and proper.

Dated: March 13, 2018          Respectfully submitted,

**SINNETT LAW, APC.**

BY: /S/ WAYNE A. SINNETT .
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFF

## TRIAL BY JURY

37. Pursuant to the Seventh Amendment in the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: March 13, 2018

Respectfully submitted,

**SINNETT LAW, APC.**

BY: /S/ WAYNE A. SINNETT .
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFF